UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOAQUIN LAFARGA                                                    MOVANT/DEFENDANT

v.                                       CRIMINAL ACTION NO. 3:08-CR-56-H

UNITED STATES OF AMERICA                     RESPONDENT/PLAINTIFF

## REPORT AND RECOMMENDATION

This matter is before the court on John Lafarga's *pro se* motion to vacate his sentence under 28 U.S.C. § 2255. The defendant claims he received ineffective assistance of trial counsel and challenges the procedural and substantive reasonableness of his sentence. The government argues the court should deny these claims on the merits and on grounds of claim preclusion. The court referred this matter to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). For reasons stated below, the magistrate judge will recommend that the court deny the motion.

## I. FINDINGS OF FACT

1)       The defendant is serving a seventy-seven month term of imprisonment on a guilty plea to unlawful reentry after deportation after an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). The defendant pleaded guilty without a plea agreement. The defendant appealed the sentence, and the United States Court of Appeals for the Sixth Circuit affirmed. The defendant's motion for en banc review and a petition for a writ of certiorari were both denied.

2)       In his motion to vacate, the defendant states that he is a Mexican citizen who

arrived in this country at the age of twelve.[1]  The conviction under attack stems from the defendant's arrest, in May 2008, following a routine traffic stop by an officer of the Louisville Metro Police Department.  A background check at the scene revealed that the defendant had been deported in 2005 and had a criminal history.[2]

    3)    In fact, the defendant had been deported on three occasions and had an extensive criminal history dating back to 1980 for two felony assault convictions in California; in the intervening years of 1984 to 1987 in Colorado, four misdemeanor convictions for illegal possession or use of controlled substances; and other felony convictions in 1994, 1995 and 1997.[3]

    4)    After indictment and appointment of counsel, the defendant ultimately moved to enter a guilty plea and did so at the change of plea hearing in February 2009.  At the hearing, the defendant admitted that he had been deported in April 2005 and that he had been convicted in Colorado under indictment 98-CR-120 for the felony crime of possession or sale of methamphetamine.  The defendant also admitted re-entering the United States illegally.[4]

    5)    In his motion to vacate, the defendant explains that the felony assault conviction in 1980 triggered a sentence enhancement, which, along with a reduction for acceptance of responsibility, resulted in a sentencing guideline range of 77 to 96 months.  The defendant's trial counsel argued for a downward variance to 33 months based on three grounds: 1) the remoteness

---

[1] Mem. in Support of Motion to Vacate at 3 (DN 50).

[2] *United States v. Lafarga*, 395 Fed. Appx. 257, 2010 WL 3521949, *1 (6th Cir. Sept. 2, 2010).

[3] *Id.*

[4] Tr. 17-18 (DN 44).

of the 1980 conviction; 2) the likelihood of a more lenient sentence in "fast-track" jurisdictions; and 3) family circumstances. Ultimately, the district court was not persuaded to grant a variance and imposed a seventy-seven month, within guideline-range sentence.

      6)      On appeal, the defendant argued that the district court failed to explicitly address the fast-track disparity and gave undue weight to the 1980 conviction. The defendant also contends he sought to file a *pro se* appellate brief challenging the validity of the 1980 conviction and asked for appointment of new counsel, but the Sixth Circuit denied the motions without explanation.

      7)      The Sixth Circuit affirmed the district court's within-guideline range sentence. First, the Sixth Circuit held there were no procedural deficiencies in the sentencing record which constituted plain error.[5] After extensively quoting the district judge's reasons, which were stated in open court, the Sixth Circuit concluded the court had clearly listened to each argument, considered supporting evidence and circumstances, and properly taken them into account in determining the sentence.[6] Second, on the claim that the sentence was substantively unreasonable, the Sixth Circuit disagreed that the district court had given undue weight to the 1980 conviction. The Sixth Circuit stated, "Indeed, given [the defendant's] extensive and serious prior record and his repeated deportations, the court would have been remiss if it had downplayed the significance of [the defendant's] criminal history."[7] The Sixth Circuit held that the district court did not abuse its discretion in rejecting the defense arguments for a downward

---

[5] *Id.,* at *4.

[6] *Id.,* at *2 (quoting *United States v. Wallace*, 597 F.3d 794, 804 (6th Cir. 2010)).

[7] *Id.,* at *5.

variance.[8]

## II. CONCLUSIONS OF LAW

**A. Sentencing Claims**

8) On collateral review, the defendant reasserts the procedural and substantive challenges to his sentence – claims the Sixth Circuit rejected in his direct appeal. A defendant may not attempt to relitigate claims considered on direct appeal in a § 2255 motion absent an intervening change in the law or other exceptional circumstances. *Wright v. United States*, 182 F.3d 458, 467 (6th Cir. 1999). The magistrate judge concludes no such circumstances exist here.

9) The defendant's memorandum, construed liberally, supplies two arguments that exceptional circumstances exist. First, the defendant questions whether the 1980 conviction is valid because, he "believes," there is no record of such conviction in California "because of his [motion] to vacate that conviction."[9] The prosecutor's use of this conviction, the defendant argues, constitutes misconduct – an exceptional circumstance which warrants collateral review of the claims that the sentence is substantively unreasonable. However, the defendant fails to show any order or judgment vacating the 1980 conviction. Indeed, everything in the record, (e.g., the defendant's sentence memorandum; the presentence report; the change of plea hearing, and the opinion affirming on appeal), affirms the existence of the 1980 conviction, not to mention the defendant's implicit acknowledgment of its existence in the very argument challenging its validity in the motion to vacate.

---

[8] *Id.*

[9] Mem. in Support of Motion to Vacate at 21.

10) Second, the defendant argues that because the Department of Justice announced in 2012 that it would be changing its policy to permit "fast-track" downward variances in non-fast-track jurisdictions, a change in the law warrants collateral review of the sentence. The magistrate judge respectfully disagrees. The Sixth Circuit held that the district court stated sufficient reasons for the sentence imposed, particularly in light of the deference afforded to within-guideline sentences. The Sixth Circuit clarified there is no requirement that the district court articulate specific reasons denying every claim or argument for an alternative, downward-variance sentence, citing *United States v. Vonner*, 516 F.3d 382, 386-87 (6th Cir. 2008) (en banc)).[10] Therefore, the policy change is of no consequence here. The district court fully heard and considered the argument for a non-disparate, downward variance, yet the Sixth Circuit's conclusion remains: the defendant's extensive and serious prior record and his repeated deportations warranted, in the sound discretion of the district court, the imposition of a seventy-seven month, within-guideline sentence.

11) Therefore, the magistrate judge will recommend dismissing these claims, grounds two and three in the motion to vacate, for failure to show exceptional circumstances warranting reconsideration of claims fully litigated on direct appeal.

**B. Ineffective Assistance of Counsel**

12) The defendant argues his trial counsel was ineffective because he failed to advise of the deportation consequences of the guilty plea and then failed to have the plea withdrawn. To establish ineffective assistance of counsel, a defendant must show two essential elements: that counsel's performance was deficient and that the deficiency prejudiced the defense to such a

---

[10]*United States v. LaFarga*, 395 Fed. Appx. at *5.

-5-

degree that the trial result is unreliable or considered to be unfair. *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *Bigelow v. Williams*, 367 F.3d 562, 570 (6th Cir. 2004). For a conviction on a guilty plea, the defendant must allege that his counsel's performance was deficient and that but for counsel's errors, there is a reasonable probability he would have not pleaded guilty. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). When evaluating counsel's performance, the court must apply a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.

13)     The defendant argues that because counsel failed to advise him, as constitutionally required, that a guilty plea carries a risk of deportation, he is entitled to withdraw his guilty plea, citing *Padilla v. Kentucky,* 130 S.Ct. 1473 (2010). The defendant further contends that had he been so advised, he would have never entered into any plea whatsoever and that he would have never been convicted.

14)     The government disputes the allegation that the defendant would have proceeded to trial rather than plead guilty and emphasizes that the defendant offers no factual basis for the claim that he would have avoided conviction if tried. The magistrate judge agrees. The only evidence in the case supports guilt, as the government detailed in the change of plea hearing. In short, the defendant confessed to entering and remaining in the United States illegally and admitted to his prior felony conviction in a post-*Miranda* interview.[11]

15)     The magistrate judge further agrees that the defendant fails to show that his counsel failed to properly advise him of deportation consequences. The allegation on its face is

---

[11] Response to Motion to Vacate at 5 (DN 54).

-6-

simply not credible. The defendant had been deported on three previous occasions due to his criminal record.[12] The likelihood of deportation consequences could be no surprise to the defendant. Second, counsel's unwillingness to argue for withdrawal of the guilty plea at the sentencing hearing based on the client's alleged failure to appreciate deportation consequences before entering a guilty plea is a claim that fails on the same premise: the defendant's previous deportations apprised him of the risk of deportation following a conviction. There is no credible showing that the defendant would have exercised his right to trial.

16) The magistrate judge concludes there is no showing that counsel erred or that there is any reasonable probability that the defendant would not have entered a guilty plea. The magistrate judge will therefore recommend dismissing the ineffective assistance of counsel claims.

### III. RECOMMENDATION

The magistrate judge recommends that the court deny the motion to vacate on the ground that the defendant's claims otherwise lack merit or fail to show other constitutional error or fundamental defect under federal law.

### IV. CERTIFICATE OF APPEALABILITY

If the district court agrees with the magistrate judge's recommendation, it must determine whether to certify an appeal under 28 U.S.C. § 2253. In order to appeal the denial of a motion to vacate, § 2253 requires the movant to make a substantial showing of the denial of a constitutional right. This does not require a showing that the appeal will succeed. *Slack v. McDaniel*, 529 U.S. 473 (2000). Rather, the movant must show that reasonable jurists could find

---

[12] Tr. at 18 (DN 44).

debatable whether the motion should be resolved in a different manner or that the matter deserves further review. *Miller-El v. Cockrell*, 537 U.S. 322 (2003). The magistrate judge concludes no reasonable jurist could find debatable the conclusion that the motion fails to show ineffective assistance of counsel or sentencing errors not foreclosed by the direct appeal.

The magistrate judge will therefore recommend denying a certificate of appeal.

DATE:

Copies to:   Counsel of Record
             Pro Se Defendant

# N O T I C E

Within fourteen (14) days after being served a copy of these proposed findings of fact, conclusions of law, and recommendation, any party who wishes to object must file and serve written objections, or further appeal is waived. *Thomas v. Arn*, 782 F.2d 813 (6th Cir. 1984); 28 U.S.C. § 636(b)(1)(C). A party may file a response to another party's objections within fourteen (14) days after being served with a copy thereof.